**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | | |
|---|---|---|
| Henry Taylor, | ) | |
| | ) | Civil Action |
| | ) | No. 1:13-cv-03144-JMC |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter arises out of an incident wherein Plaintiff Henry Taylor suffered various personal injuries on October 18, 2011, while visiting the United States Post Office, which is an independent governmental agency of Defendant United States of America.  (ECF No. 1 at 1–2 ¶¶ 1–8.)  Plaintiff alleges that Defendant failed to exercise reasonable care in keeping its premises in a reasonably safe condition, which failure proximately caused his alleged injuries.  (*Id.* at 2–3 ¶¶ 10–12.)  Plaintiff filed this action against Defendant pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674 ("FTCA").  (*Id.* at 1 ¶ 4.)

This matter is before the court on Defendant's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  (ECF No. 38.)  Plaintiff filed a Memorandum in Opposition to Defendant's Motion for Summary Judgment (ECF No. 39), which was entered on April 20, 2015.  For the reasons set forth below, the court **GRANTS** Defendant's Motion for Summary Judgment.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The slip and fall accident occurred on October 18, 2011, at the Barnwell Post Office ("Post Office").  (ECF No. 1 at 1–2 ¶¶ 6–7.)  Plaintiff testified that prior to arriving at the Post Office, he "remember[s] it had rained a little bit earlier that day."  (ECF No. 38-3 at 5:7–8.)  In

1

making the five minute drive from his house to the Post Office, Plaintiff stated that he could tell it rained because of "the color of the road."  (*Id.* at 6:25–7:2, 8:2–12.)  However, it was not raining when Plaintiff entered the Post Office.  (*Id.* at 38:14–16.)

Plaintiff did not step in any puddles or other standing water prior to his entering the Post Office.  (ECF No. 39-1 at 18:12–19:2.)  Upon entering the Post Office, Plaintiff "tr[ied] to hit the mat."  (ECF No. 38-3 at 11:14–15.)  This attempt altered his normal gait (ECF No. 1 at 1–2 ¶ 7).  Plaintiff fell.  (ECF No. 38-3 at 11:16.)  According to Plaintiff, there were no warning signs present.  (ECF No. 39-1 at 17:11–13.)  Further, Plaintiff testified that an entrance mat was either "four to five feet" or "five to six feet" away from its normal spot.  (*Id.* at 8:10–15.)  Plaintiff did not know how long the mat had been out of place or how long the water was on the floor.  (ECF No. 38-3 at 26:9–15.)  Plaintiff did not think Defendant or its agents caused the water to be on the floor through mopping or cleaning.  (*Id.* at 26:16–27:5.)  Plaintiff stated he believed the water "had to be from that rain earlier in the day." (*Id.* at 24:12–15.)  As a result of the fall, Plaintiff alleges that he sustained injuries to his back, neck, and right knee, which required surgical repair.  (ECF No. 1 at 2 ¶ 8.)

On November 19, 2013, Plaintiff filed a Complaint, alleging Defendant's violation of the Federal Tort Claims Act, 28 U.S.C. § 2674.  (ECF No. 1.)  On January 21, 2014, Defendant answered the Complaint, denying Plaintiff's claims and asserted several affirmative defenses.  (ECF No. 10.)  Thereafter, on April 2, 2015, Defendant filed a Motion for Summary Judgment.  (ECF No. 38.)  Plaintiff filed an Opposition to Defendant's Motion for Summary Judgment on April 20, 2015.  (ECF No. 39.)

1:13-cv-03144-JMC    Date Filed 08/11/15    Entry Number 46    Page 3 of 8

## II.    LEGAL STANDARD

### A. Summary Judgment Generally

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law.  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248–49 (1986).  A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.  *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).  The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial.  Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991).  All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  *Anderson*, 477 U.S. at 249.  "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion."  *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).  A party cannot create a genuine issue of material fact solely with conclusions in his or her own affidavit or deposition that are not based on personal knowledge.  *See Latif v. The Cmty. Coll. of Baltimore*, No. 08-2023, 2009 WL 4643890, at *2 (4th Cir. Dec. 9, 2009).

**B. Negligence**

To assert direct liability based on a negligence claim in South Carolina, a plaintiff must show that (1) defendant owed him a duty of care; (2) defendant breached this duty by a negligent act or omission; (3) defendant's breach was the proximate cause of his injuries; and (4) he suffered injury or damages. *Dorrell v. S.C. DOT*, 605 S.E.2d 12, 15 (S.C. 2004) (citation omitted). "Whether the law recognizes a particular duty is an issue of law to be determined by the court." *Jackson v. Swordfish Inv., L.L.C.*, 620 S.E.2d 54, 56 (S.C. 2005) (citation omitted).

**C. Premises Liability**

The landowner is not required to maintain the premises in such condition that no accident could happen to a patron using them. *See Denton v. Winn-Dixie Greenville, Inc.*, 439 S.E.2d 292, 293 (S.C. 1993). Under South Carolina law, the owner of property owes business visitors or invitees the duty of exercising reasonable and ordinary care for their safety and is liable for any injuries resulting from a breach of such duty. *H.P. Larimore*, 531 S.E.2d at 538 (citing *Israel v. Carolina Bar-B-Que, Inc.*, 356 S.E.2d 123, 128 (S.C. Ct. App. 1987)). The landowner has a duty to warn an invitee only of latent or hidden dangers of which the landowner is on actual or constructive notice. *H.P. Larimore*, 531 S.E.2d at 538 (citing *Callander v. Charleston Doughnut Corp.*, 406 S.E.2d 361, 362–63 (S.C. 1991)). Consequently, there is not a duty to warn of dangers that are open and obvious. *H.P. Larimore*, 531 S.E.2d at 539. To recover damages for injuries caused by a dangerous or defective condition on a landowner's premises, a plaintiff must show that (1) the injury was caused by a specific act of the defendant which created the dangerous condition, or (2) that the defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it. *Wintersteen v. Food Lion, Inc.*, 542 S.E.2d 728, 729 (S.C. 2001) (citing *Anderson v. Racetrac Petroleum, Inc.*, 371 S.E.2d 530 (S.C. 1988));

4

*Pennington v. Zayre Corp.*, 165 S.E.2d 695 (S.C. 1969); *Hunter v. Dixie Home Stores*, 101 S.E.2d 262 (S.C. 1957).

"The customer can establish the storekeeper's constructive knowledge of the dangerous condition by showing that the foreign substance had been on the floor for a sufficient length of time that the storekeeper would or should have discovered and removed it had the storekeeper used ordinary care." *Gillespie v. Wal-Mart Stores, Inc.*, 394 S.E.2d 24, 24–25 (S.C. Ct. App. 1990). However, the length of time that the foreign substance has been on the floor is not a determination that can be left to speculation. *See Wimberly v. Winn-Dixie Greenville, Inc.*, 165 S.E.2d 627, 629 (S.C. 1969) ("The jury should not be permitted to speculate that [the foreign substance] was on the floor for such a length of time as to infer that defendant was negligent in failing to detect and remove it.").

"The entire basis of an invitor's liability rests upon his superior knowledge of the danger that causes the invitee's injuries. If that superior knowledge is lacking, . . . , the invitor cannot be held liable." *H.P. Larimore*, 531 S.E.2d at 540.

## III.    ANALYSIS

### A. The Parties' Arguments

Defendant moves for summary judgment, arguing that (1) liability does not exist because there is no evidence that Defendant's agents placed the water on the floor; (2) assuming the floor was hazardous, Plaintiff did not produce evidence of Defendant's actual or constructive knowledge of any water on the floor; and (3) assuming Defendant had any knowledge of water on the floor, Defendant has no duty to warn Plaintiff of open, obvious dangers and; thus, Plaintiff is unable to recover under the FTCA. (ECF No. 38-1 at 1–2.)

In support of its argument, Defendant argues Plaintiff's deposition proves Defendant did

not cause the water to be on the floor.  (*Id.* at 6.)  Further, Defendant indicates that Plaintiff cannot establish whether Defendant knew there was water on the floor or how long the water was present, making the possibility of notice, actual or constructive, impossible.  (*Id.*)  Additionally, Defendant acknowledges Plaintiff's awareness of the weather conditions that day as reason to justify that the dangers were open and obvious, ridding Defendant of a duty to warn.  (*Id.* at 8.)  As a result, Defendant concludes that Plaintiff cannot satisfy his burden in showing Defendant did not exercise reasonable care in maintaining the entranceway in a reasonably safe condition.

In support of his claims and in opposition to Defendant's Motion for Summary Judgment, Plaintiff argues that Defendant failed to exercise reasonable care in keeping its premises in a reasonably safe condition on October 18, 2011.  (ECF No. 39 at 3.)  In support of his argument, Plaintiff points to testimony from a witness, Eugene Easterling, that water existed throughout various areas of the Post Office.  (*Id.* at 5.)  Further, Plaintiff asserts there is circumstantial evidence that the drier weather conditions at the time of the fall prove that the water was on the ground for a sufficient time to give Defendant constructive notice.  (*Id.* at 4–5.)  Additionally, Plaintiff concludes that because "Defendant did not have any inspection or cleaning records, or any witness to testify about any inspection on the date of the incident," that a genuine of issue of material fact exists regarding whether Defendant used reasonable care in maintaining the entranceway in a reasonably safe condition. (*Id.* at 2–3.)

**B. The Court's Review**

Under the FTCA, "[t]he United States shall be liable … in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674.  Thus, Defendant is liable in this case if a private person operating a business would be liable for the accident under South Carolina law.  Here, Plaintiff's evidence fails to create a question of fact

regarding whether Defendant created the condition of the water on the floor or had actual or constructive notice of the water on the floor.

To survive Defendant's Motion for Summary Judgment, Plaintiff has to submit evidence showing that his injuries were caused by Defendant's specific act(s) that created the dangerous condition, or that Defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it.  Viewing the facts in the light most favorable to Plaintiff, in both instances, Plaintiff's evidence is insufficient.  There is no allegation by Plaintiff that his injuries were caused by a specific act of Defendant or its agents; thus, Plaintiff must prove that Defendant had actual or constructive knowledge of the dangerous condition.  Moreover, the court finds that the evidence in the record does not support a finding that Defendant had actual notice of the water on the floor in the Post Office on October 18, 2011.

As to allegations that Defendant had constructive notice of the substance, the court finds that Plaintiff's evidence fails to allow for an estimate of the amount of time that the water was on the floor prior to Plaintiff's fall.  No one, including Plaintiff or Plaintiff's witness, is able to testify regarding how long the water was on the floor.  (*See* ECF No. 38-3 at 26.[1])  Moreover, the circumstantial evidence cited by Plaintiff (*see, e.g.*, ECF No. 39 at 5[2]) only adds to the

---

[1]     Q.    Do you have any idea how long that area of the floor that you said was wet had been wet?
        A.    No.  I have no idea.
        Q.    Do you have any idea how long the - - as you describe it, the mat being moved away from the door had been like that?
        A.    No.  I have no idea.

(ECF No. 38-3 at 26:9–15.)

[2]     Q.    And what do you remember about the weather that day?
        A.    I remember it had rained earlier.
        Q.    Okay.  And when you say earlier, what are you talking about earlier in relation to going to the post office?

uncertainty as to the amount of time that the water had been on the floor. There can be no speculation as to how long the water was present. Without such evidence in the record, Plaintiff cannot meet his burden of establishing constructive notice by showing that the water was on the floor for "a sufficient length of time that the storekeeper would or should have discovered and removed it had the storekeeper used ordinary care." *Massey*, 2010 WL 3786056, at *4 (citing *Gillespie*, 394 S.E.2d at 25); *see also Wimberley v. Winn-Dixie Greenville, Inc.*, 165 S.E.2d 627, 629 (S.C. 1969) ("No evidence is pointed out which reasonably tends to prove that the rice was on the floor at any particular time prior to the actual fall. The jury should not be permitted to speculate that it was on the floor for such a length of time as to infer that defendant was negligent in failing to detect and remove it."); *Duety v. Emro Mktg. Co.*, 39 F.3d 1176, 1994 WL 581503, at *2 (4th Cir. Oct. 25, 1994) (citing *Wimberley*). Therefore, Defendant is entitled to summary judgment.

## IV.    CONCLUSION

Based on the aforementioned reasons and upon careful consideration of the entire record, Defendant's Motion for Summary Judgment (ECF No. 38) pursuant to Rule 56 is **GRANTED.**

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 11, 2015
Columbia, South Carolina

---

A.    I just remember it had rained a little bit earlier that day, you know.
Q.    Okay. You can't say how much - - and if you can't, just let us know.
A.    I can't.
Q.    You can't say about how much prior to going to the post office?
A.    No.

(ECF No. 38-3 at 5:1–14.)

8